■ CHARLES DAVIES et al., Respondents, v. JOHN LYNCH, Appellant.— Judgment and order reversed on the law, without costs of this appeal to any party, and a new trial granted. Memorandum: Upon the trial the parties stipulated that the amount of damages sustained by plaintiffs to their personal property was the sum of $4,000. The jury returned a verdict for plaintiffs in the sum of $2,000 and it was accepted by the trial court. It is possible that a portion of the court's charge may have led the jury to believe that it had some discretion in the matter. The stipulation, however, constituted a judicial admission and was a substitute for evidence and did away with the need therefor. (9 Wigmore on Evidence [3d ed.], § 2588.) It is impossible to determine whether the jury was misled by the court's charge or rendered a compromise verdict. In any event there was no evidence before the jury upon which to base its finding of the amount of plaintiffs' damage. Therefore, the verdict is inexplicable on any possible hypothesis and must have been reached by some arbitrary computation. It follows that the judgment must be reversed (cf. 4 Carmody-Wait on New York Practice, p. 113). We pass upon no other question. All concur. (Appeal from a judgment of Oneida Trial Term for plaintiffs in an action for damages alleged to have resulted by reason of negligent installation of heating unit in rented property. The order denied a motion for a new trial.) Present — McCurn, P. J., Vaughan, Williams, Bastow and Goldman, JJ.